FILED
SUPERIOR COURT
OF GUAM

2018 MAY -8 PM 1:49

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0346-17 |
| | ) | |
| v. | ) | DECISION AND ORDER DENYING |
| | ) | DEFENDANT'S MOTION FOR JUDGMENT |
| KENNETH LEON GUERRERO NINETE, | ) | OF ACQUITTAL |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on April 10, 2018 on Kenneth Leon Guerrero Ninete's ("Defendant") Motion for Judgment of Acquittal following the close of the People's case-in-chief. Defendant was present and represented by Assistant Public Defender William Bischoff. The People of Guam (the "People") were represented by Assistant Deputy Attorney General James Collins and Assistant Attorney General Terry VanEaton. Having considered the parties' oral arguments, the record, and the relevant law, the Court ruled from the bench DENYING Defendant's Motion for Judgment of Acquittal. The Court issues this Decision and Order memorializing its decision.

## Background

Defendant was charged by indictment with Two Counts of FIRST DEGREE CRIMINAL SEXUAL CONDUCT (as a First Degree Felony) in violation of 9 G.C.A. §§ 25.15(a)(1)[1] and (b) and Three Counts of SECOND DEGREE CRIMINAL SEXUAL

---

[1] The statute provides, "A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with the victim and if the victim is under fourteen (14) years of age."

*People of Guam v. Kenneth Leon Guerrero Ninete*; CF0346-17
D&O Denying Defendant's Motion for Judgment of Acquittal
Page 1 of 4

CONDUCT (as a First Degree Felony) in violation of 9 G.C.A. §§ 25.20(a)(1)[2] and (b). Indictment (Jun. 26, 2017). Jury trial was held April 4 – 11, 2018. On April 9, 2018, at the Close of the People's case-in-chief, Defendant orally moved for Judgment of Acquittal. Defendant argued the People failed to satisfy its burden of proof for both counts of Charge 1, First Degree Criminal Sexual Conduct. Defendant claims no evidence was presented to suggest a sexual penetration occurred.[3] Defendant cites to the testimony of the alleged victim ("R.S.") that her underwear was never removed during the alleged incident.[4] Additionally, Defendant reasons there was no evidence of forced penetration, as testified by sexual assault nurse examiner Ann Rios, which one would expect to find based on the allegations that R.S. was asleep during the incident.

The People opposed the motion maintaining R.S. testified that she "woke up to the Defendant penetrating her with his penis."[5] Although R.S. testified that her underwear was never removed, it is not impossible for a sexual penetration to occur. Further, that Defendant's argument that no evidence of forced penetration was presented contradicts Guam law which does not require corroboration in similar cases. Nonetheless, there was medical and scientific evidence presented in this case.

## Discussion

A motion for judgment of acquittal should be granted "if the evidence is insufficient to sustain a conviction of such offense or offenses." 8 Guam Code Ann. § 100.10 (2005). Under Guam law, "[t]he trial court determines whether a motion for judgment of acquittal should be granted by applying the same test used when the sufficiency of evidence is challenged." *People v. George,* 2012 Guam 22 ¶ 47 (citing *People v. Song,* 2012 Guam 21 ¶ 26). The Court, therefore, conducts its review of the sufficiency of evidence by determining whether "crediting all of the People's evidence and drawing every reasonable inference form it in favor of the

---

[2] The statute provides, "A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if that other person is under fourteen (14) years of age."
[3] Digital Recording at 10:22:02 (Jury Trial Day #4, Apr. 9, 2018).
[4] *Id.* at 10:22:14.
[5] *Id.* a 10:23:11.

*People of Guam v. Kenneth Leon Guerrero Ninete*; CF0346-17
D&O Denying Defendant's Motion for Judgment of Acquittal
Page 2 of 4

prosecution, a rational trier of fact could find [the defendant] guilty beyond a reasonable doubt." *People v. Anastacio*, 2010 Guam 18 ¶ 17 (citing *People v. Maysho*, 2005 Guam 4 ¶ 6; *People v. Guerrero*, 2003 Guam 18 ¶ 13)

When ruling on a motion for judgment of acquittal, a court is only "concerned with the existence or nonexistence of evidence, not its weight." *People v. Quitugua*, 2015 Guam 27 ¶ 76 (citing *George*, 2012 Guam ¶ 51). Accordingly, it is the role of the trier of fact, and not this court, to fairly 'resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts." *People v. Quinata*, 1999 Guam 6 ¶ 14.

The Court denied the Defendant's motion for judgment of acquittal because it found that the evidence presented required weighing the credibility of various witnesses, determining the plausibility of conflicting explanations, and making inferences. *Song,* 2012 Guam 21 ¶ 18. After weighing all of the evidence presented in this case, the jury returned a unanimous verdict that Defendant was guilty of Charge 1, Count One First Degree Criminal Sexual Conduct (as a First Degree Felony) and of Charge 2, Count One and Two Second Degree Criminal Sexual Conduct (as a First Degree Felony). Defendant was acquitted of Charge 1, Count Two First Degree Criminal Sexual Conduct (as a First Degree Felony) and Charge 2, Count Three Second Degree Criminal Sexual Conduct (as a First Degree Felony).

The Court disagrees with Defendant that the People did not present evidence of sexual penetration. As argued by the People, R.S. testified that she felt the Defendant's penis and finger enter her primary genital area.[6] Further, the testimony of FBI Analyst Brandon McCollum confirmed the Defendant was a source of the DNA found on a rape kit swab.[7] Notwithstanding that Guam law does not require a victim's testimony to be corroborated in a prosecution for this case,[8] the People presented corroborating evidence to allow the trier of fact to determine whether sexual penetration occurred. Thus, crediting all of the People's evidence and drawing every

---

[6] Digital Recording at 10:20:11 (Jury Trial Day #2, Apr. 5, 2018).
[7] *Id.* at 9:52:00 (Jury Trial Day # 4, Apr. 9, 2018).
[8] Title 9 of the Guam Code Annotated § 25.40, in its entirety provides, "The testimony of a victim need not be corroborated in prosecutions under §§ 25.15 through 25.35."

*People of Guam v. Kenneth Leon Guerrero Ninete*; CF0346-17
D&O Denying Defendant's Motion for Judgment of Acquittal
Page 3 of 4

reasonable inference from it in favor of the prosecution, a rational trier of fact could find the Defendant guilty beyond a reasonable doubt.

The Court also disagrees with Defendant's contention and finds that it misconstrues Rios' testimony. Contrary to Defendant's argument, Rios testified that a lack of physical injuries do not negate whether a sexual penetration occurred. [9] In fact, physical findings are only present in 20% of alleged sexual assault cases and that it is more common, in her experience, that a victim does not have physical injuries. Rios specifically denied that an examination for an alleged sexual assault would typically reveal bruising.[10] Further, that there are "several factors" to consider as to why there are no physical findings. Rios confirmed that her examination cannot rule out an allegation of sexual assault, but her role is to perform medical care for a patient. Again, it is the role of the trier of fact – not this Court –to weigh the evidence and to draw reasonable inferences from the basic facts to ultimate facts. Thus, the Court finds this issue was properly submitted to the trier of fact.

## Conclusion

For the reasons set forth above, the Court finds that it properly DENIED Defendant's Motion for Judgment of Acquittal.

**SO ORDERED** this _____ MAY 0 8 2018 _____, *nunc pro tunc* April 9, 2018.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of

Date: _____ Time: _____

Deputy Clerk, Superior Court of Guam

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

---

[9] Digital Recording at 10:19:40 (Jury Trial Day #3, Apr. 6, 2018).
[10] *Id.* at 10:25:11.

*People of Guam v. Kenneth Leon Guerrero Ninete*; CF0346-17
D&O Denying Defendant's Motion for Judgment of Acquittal
Page 4 of 4